1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  MAI THI VU,

12            Plaintiff,

13       v.

14  JACQUES MONIQUE,

15            Defendant.

16

CASE NO. 1:14-cv-0249-LJO-MJS (PC)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**(ECF NO. 1)**

**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS**

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

18  rights action brought pursuant to 42 U.S.C. § 1983.

19        Her complaint is before the Court for screening.

20

21  **I.     SCREENING REQUIREMENT**

22        The Court is required to screen complaints brought by prisoners seeking relief

23  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

24  § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

25  raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

26  relief may be granted, or that seek monetary relief from a defendant who is immune from

27  such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

28

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff's claims against Defendant are not cognizable under § 1983 because Defendant was acting under color of federal law, rather than state law. However, pro se complaints are liberally construed, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and the Court will treat Plaintiff's complaint as an attempt to state a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Thus, to state a claim under Bivens, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See id.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

2

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.    PLAINTIFF'S ALLEGATIONS

The incidents at issue in Plaintiff's Complaint occurred during her incarceration at Central California Women's Facility ("CCWF"). Plaintiff names Jacques Monique, IEA at United States Immigration & Customs Enforcement ("ICE"), as Defendant.

Plaintiff alleges that Defendant filed an unwarranted immigration detainer on Plaintiff, a lawful permanent resident. Because of the detainer, Plaintiff is deprived of the opportunity to participate in otherwise available programs at CCWF. Plaintiff had no opportunity to challenge the detainer.

Plaintiff argues that Defendant's actions violated her rights under the Due Process and Equal Protection Clauses of the United States Constitution.

Plaintiff asks for a hearing regarding the detainer and that the detainer be lifted.

## IV.    ANALYSIS

### A.    Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of

<u>Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>see also</u> <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 592 (9th Cir. 2008); <u>North Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's allegations are not sufficient to support a constitutional claim for discrimination. Plaintiff does not state how or why she believes she was discriminated against. She does not allege membership in a suspect class or that she was treated differently from similarly situated inmates and that Defendant acted without a legitimate state purpose. Nor does she explain what personal character traits she believes motivated the discrimination and why. <u>See</u> <u>Washington v. Davis</u>, 426 U.S. 229, 239-40 (1976) (to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent). Plaintiff's conclusory allegation that her Equal Protection rights were violated is unenlightening in these regards.

Plaintiff's allegations do not show denial of equal protection.

**B.    Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).

The Due Process Clause does not confer on inmates a liberty interest in eligibility for prison programs. <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976) (rejecting argument

4

that a pending warrant and detainer that adversely affected defendant's prison classification and qualification for institutional programs implicated a due process right). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("sex offender" label coupled with mandatory treatment program triggered procedural protections).

Plaintiff's allegation that she is unable to qualify for prison programs due to the immigration detainer is not sufficient to show a due process violation. Plaintiff does not describe the programs she is disqualified from and does not provide sufficient facts to enable the Court to analyze whether disqualification "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. If Plaintiff chooses to amend, she must allege facts showing that the immigration detainer imposes "atypical and significant hardship" on her.

### C.    Habeas Corpus

State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81. "[A] state

1   prisoner's § 1983 action is barred (absent prior invalidation) if success in that action

2   would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82;

3   Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of

4   the conviction or sentence occurs, no cause of action under § 1983 exists).

5

6       Plaintiff does not appear to challenge her confinement at CCWF.   However, if

7   Plaintiff chooses to amend, she should note that such a challenge cannot be raised in a

8   § 1983 action.

9   **V.   CONCLUSION AND ORDER**

10      Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff

11  an opportunity to file an amended complaint.   Noll v. Carlson, 809 F.2d 1446, 1448-49

12  (9th Cir. 1987). If Plaintiff opts to amend, she must demonstrate that the alleged acts

13  resulted in a deprivation of her constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

14  must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

15  Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate

16  that the named Defendant personally participated in a deprivation of her rights. Jones v.

17  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

18      Plaintiff should note that although she has been given the opportunity to amend, it

19  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

20  Cir. 2007). Plaintiff should carefully read this Screening Order and focus her efforts on

21  curing the deficiencies set forth above.

22

23

24      Finally, Plaintiff is advised that Local Rule 220 requires that an amended

25  complaint be complete in itself without reference to any prior pleading. As a general rule,

26  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

27  55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

28

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of her Complaint, filed February 26, 2014;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.


Dated:   June 24, 2014                    /s/ Michael J. Seng
                                          UNITED STATES MAGISTRATE JUDGE