UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI THI VU,<br><br>            Plaintiff,<br><br>      v.<br><br>JACQUES MONIQUE,<br><br>            Defendant. | CASE NO. 1:14-cv-249-LJO-MJS (PC)<br><br>**ORDER DISREGARDING STIPULATION AND PROPOSED ORDER RE: EXTENSION OF TIME**<br><br>**(ECF No. 16)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[1] (ECF No. 1, 13.)

Plaintiff initiated this action on February 26, 2014. (ECF No. 1.) On June 24, 2014, prior to the screening of Plaintiff's complaint, counsel for Defendant filed an appearance of counsel. (ECF No. 10.) That same day, Plaintiff's complaint was dismissed for failure to state a claim, but she was given leave to file a first amended complaint within thirty days. (ECF No. 11.) The thirty day deadline passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so. On August 5, 2014, the Court ordered Plaintiff to show cause why her action should not be dismissed for failure

---

[1] Plaintiff's complaint states that it is brought pursuant to 28 U.S.C. § 1983. (ECF No. 13.) Although Plaintiff is a state prisoner, she alleges claims against a federal immigration official. As Plaintiff previously was advised, claims against an individual acting under color of federal law are cognizable, if at all, under Bivens, rather than 28 U.S.C. § 1983. The Court will construe Plaintiff's complaint liberally as being brought pursuant to Bivens.

to comply with a court order. (ECF No. 12.) Plaintiff filed her first amended complaint on August 7, 2014, and a response to the order to show cause on August 19, 2014. (ECF Nos. 13 & 14.) The Court discharged the order to show cause on September 29, 2014. (ECF No. 15.)

On October 7, 2014, Defendant filed a stipulation to extend the time for Defendant to answer the first amended complaint to November 13, 2014. (ECF No. 16.) According to Defendant, "[a]ssuming that plaintiff's amended complaint was accepted for filing on September 29, 2014, defendant's answer is currently due on October 14, 2014." (Id.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). This provision is mandatory. The Court has not screened Plaintiff's first amended complaint nor approved it for service. Defendant has neither been served with the complaint nor waived service as required under Federal Rule of Civil Procedure 4. The Court will direct the United States Marshals Service to serve Plaintiff's complaint only after the Court has screened the complaint and determined that it contains cognizable claims for relief against Defendants.

Because Plaintiff's complaint has not been screened and Defendant has not been served, no responsive pleading is due. Accordingly, the stipulation to extend the time to answer is HEREBY DISREGARDED.

IT IS SO ORDERED.

Dated:   October 23, 2014                       /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE