UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI THI VU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JACQUES MONIQUE,<br><br>　　　　Defendant. | CASE NO. 1:14-cv-0249-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 13)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[1]

　　　The Court screened Plaintiff's complaint (ECF No. 1), and dismissed it for failure to state a claim but gave leave to amend (ECF No. 11). Plaintiff's first amended complaint is before the Court for screening.

---

[1] Plaintiff's first amended complaint states that it is brought pursuant to 28 U.S.C. § 1983. (ECF No. 13.) Although Plaintiff is a state prisoner, she alleges claims against a federal immigration official. As Plaintiff previously was advised, claims against an individual acting under color of federal law are cognizable, if at all, under Bivens, rather than § 1983. The Court will construe Plaintiff's complaint liberally as being brought pursuant to Bivens.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. "Actions under [42 U.S.C.] § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). To state a claim under Bivens, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum, 940 F.2d at 409.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are

accepted as true, legal conclusions are not. Id. at 677-78.

### III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Central California Women's Facility ("CCWF"), where the acts giving rise to her complaint occurred. Plaintiff names Jacques Monique, Immigration Enforcement Agent at United States Immigration & Customs Enforcement, as Defendant.

Plaintiff fled Vietnam in 1978 due to political persecution. She entered the United States lawfully as a Vietnamese refugee and is now a lawful permanent resident.

Despite Plaintiff's lawful status, Defendant filed an unwarranted immigration detainer against Plaintiff. Because of the detainer, Plaintiff is unable to participate in prison fire camps. She also is unable to qualify for early release subject to electronic monitoring.

Plaintiff alleges that the immigration detainer was imposed in violation of her rights to Equal Protection and Due Process.

Plaintiff asks that the detainer be lifted.

### IV.   ANALYSIS

#### A.   Equal Protection

Bivens relief is available to enforce the equal protection component of the Fifth Amendment's Due Process Clause. Davis v. Passman, 442 U.S. 228, 229 (1979). The Fifth Amendment's Due Process Clause "subjects the federal government to constitutional limitations that are the equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment." Consejo de Desarrollo Economico De Mexicali, A.C. v. United States, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007) (citing Bolling v. Sharpe, 347 U.S. 497 (1954)); see also Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n.2 (1975).

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439

1  (1985). An equal protection claim may be established by showing that the defendant
2  intentionally discriminated against the plaintiff based on the plaintiff's membership in a
3  protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of
4  Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were
5  intentionally treated differently without a rational relationship to a legitimate state
6  purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y
7  Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of
8  Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

9  Plaintiff has alleged that she is a member of a protected class. Graham v.
10 Richardson, 403 U.S. 365, 372 (1971) (classifications based on alienage, nationality, or
11 race are inherently suspect and subject to close judicial scrutiny). However, she has not
12 alleged intentional discrimination based on her membership in that class. Serrano, 345
13 F.3d at 1082 ("Intentional discrimination means that a defendant acted at least in part
14 because of a plaintiff's protected status.") (quoting Maynard v. City of San Jose, 37 F.3d
15 1396, 1404 (9th Cir. 1994)). She has not stated an equal protection claim on this basis.

16 Nor has she alleged she was intentionally treated differently from others similarly
17 situated without a rational relationship to a legitimate government purpose. Plaintiff
18 alleges only that the immigration detainer was improper because she is not deportable
19 due to her status as a Vietnamese refugee. She does not allege that she was
20 intentionally treated differently from other Vietnamese refugees or other similarly situated
21 individuals. She has failed to state an equal protection claim on this basis.

22 Plaintiff was advised in the Court's prior screening order of the requirements for
23 pleading an equal protection claim, but has nonetheless failed to allege a cognizable
24 claim. This failure reasonably is construed as reflecting her inability to do so. Further
25 leave to amend would be futile and should be denied.

26
27
28

**B.    Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. For state prisoners, liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

Plaintiff's inability to participate in fire camps does not implicate a liberty interest. The Due Process Clause does not confer on inmates a liberty interest in eligibility for prison programs. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting argument that a pending warrant and detainer that adversely affected defendant's prison classification and qualification for institutional programs implicated a due process right). Liberty interests created by state law generally are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegation that she is unable to participate in fire camps does not reflect the imposition of such a hardship. See id. Plaintiff has failed to state a claim on this basis.

Likewise, Plaintiff's ineligibility for early release, standing alone, does not implicate a liberty interest. Preliminarily, Plaintiff does not allege whether she already has been denied early release. If not, her complaint may be premature. Even assuming Plaintiff has been denied early release, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence . . . ." Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 890, 862 (2011). And, while California law creates a liberty interest in parole, Cooke v. Solis, 606 F.3d 1206, 1213 (2010), the procedures required to vindicate that right are minimal, Greenholtz v. inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979). The prisoner must be provided only with an

opportunity to be heard and the reasons why parole was denied. Greenholtz, 442 U.S. at 16.

If Plaintiff was denied these minimal protections in relation to the denial of early release, her sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Often referred to as the favorable termination rule or the Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

To the extent Plaintiff has been denied early release by state prison officials based on the immigration detainer and without the minimal procedural protections described above, she may wish to pursue a habeas corpus action. However, as she previously was advised (ECF No. 11), she may not pursue such a claim in this § 1983 action.

Based on the foregoing, further leave to amend Plaintiff's due process claims would be futile and should be denied.

**V.    CONCLUSION AND RECOMMENDATION**

Plaintiff's first amended complaint fails to state any cognizable claim. She previously was advised of pleading deficiencies and afforded the opportunity to correct them. She failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 19, 2014            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

.